# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| ALAN E. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No: _____ |
| ) | |
| v. ) | JURY DEMANDED |
| ) | |
| CHRISTIAN BROTHERS AUTOMOTIVE ) | |
| CORPORATION; CHRISTIAN BROTHERS ) | |
| AUTOMOTIVE – JACKSON; CBA PINSON ) | |
| MOUNDS, LLC d/b/a CHRISTIAN BROTHERS ) | |
| AUTOMOTIVE – JACKSON ) | |
| | |
| Defendants. | |

## COMPLAINT

**COMES NOW** your Plaintiff, Alan E. Smith, and brings this action against the Defendants, Christian Brothers Automotive Corporation, Christian Brothers Automotive – Jackson, and CBA Pinson Mounds, LLC d/b/a Christian Brothers Automotive – Jackson, for violations of the Fair Labor Standards Act and would state unto this Honorable Court the following, to wit:

### PARTIES, JURISDICTION, AND VENUE

1.  This is an action brought by Plaintiff to recover for Defendants' willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2.  This court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Plaintiff, Alan E. Smith, is an adult, resident citizen of Camden, Benton County, Tennessee.

4. Upon information and belief, Plaintiff alleges that Defendant, Christian Brothers Automotive Corporation, is a corporation authorized to and doing business in Tennessee and may be served with process through its designated registered agent Registered Agent Solutions, Inc., 992 Davidson Drive, Ste B, Nashville, TN 37205.

5. Upon information and belief, Plaintiff alleges that Defendant, Christian Brothers Automotive - Jackson, is a company authorized to and doing business in Tennessee and may be served with process through its designated registered agent Registered Agent Solutions, Inc., 992 Davidson Drive, Ste B, Nashville, TN 37205

6. Upon information and belief, Plaintiff alleges that Defendant, CBA Pinson Mounds, LLC d/b/a Christian Brothers Automotive – Jackson, is a Tennessee limited liability company authorized to and doing business in Tennessee and may be served with process through its designated registered agent Registered Agent Solutions, Inc., 992 Davidson Drive, Ste B, Nashville, TN 37205

7. Upon information and belief, Defendant, Christian Brothers Automotive Corporation, owns and operates Defendants, Christian Brothers Automotive – Jackson and/or CBA Pinson Mounds, LLC d/b/a Christian Brothers Automotive – Jackson, located at 2700 North Highland Avenue, Jackson, Tennessee 38305.

8. In the alternative, Defendants, Christian Brothers Automotive – Jackson and/or CBA Pinson Mounds, LLC d/b/a Christian Brothers Automotive – Jackson, own and operate an automotive business located at 2700 North Highland Avenue, Jackson, Tennessee 38305.

9. Venue lies in the Western District of Tennessee, pursuant to 28 U.S.C. § 1391, because the Defendants do business in this district, and a substantial part of the alleged errors or omissions giving rise to this action occurred in this district.

10. Plaintiff, Alan E. Smith, is a former employee of Defendants, Christian Brothers Automotive Corporation, Christian Brothers Automotive – Jackson and/or CBA Pinson Mounds, LLC d/b/a Christian Brothers Automotive – Jackson (hereinafter collectively "Christian Brothers") and was employed there from August 2017 through September 2020. Plaintiff was a covered employee under the FLSA.

11. Plaintiffs' written consent form is attached hereto as Exhibit A.

12. Defendants are covered "employers" under the FLSA.

## FACTUAL BASIS FOR SUIT

13. Plaintiff, Alan E. Smith, was hired by Defendants as a Service Writer at Christian Brothers, located at 2700 North Highland Avenue, Jackson, Tennessee 38305, in August 2017.

14. As part of Plaintiff, Alan E. Smith's conditions of employment, his work schedule was controlled by Defendants' management, and the equipment and supplies he used in his employment were provided by Defendants' management.

15. Upon beginning his employment, Christian Brothers advised Plaintiff, Alan E. Smith, that his work hours were to be Monday through Friday, from 7:00 a.m. to 6:00 p.m.

16. Defendants agreed to pay Plaintiff a base salary in the amount of $46,000.00 per year, payable bi-weekly.

17. Upon information and belief, Plaintiff, Alan E. Smith, was required by Christian Brothers to work Monday through Friday from 7:00 a.m. to 6:00 p.m., but was not permitted to clock in or out to record his total hours worked for his employer for compensation.

18. During the course of Plaintiff, Alan E. Smith's employment, he was suffered or permitted to work at least fifty-five (55) hours per week, or one hundred ten (110) hours bi-weekly.

19. During his employment with Christian Brothers, Plaintiff, Alan E. Smith, received pay records reflecting that he worked only eighty (80) hours bi-weekly, despite the fact that he had worked at least one hundred ten (110) hours bi-weekly.

20. Due to the fact that Plaintiff, Alan E. Smith, was specifically instructed not to clock in and out at the beginning and ends of his work shifts, there are no timekeeping documents in Plaintiff's possession that accurately reflect the actual amount of time Plaintiff was suffered or permitted to work.

21. Plaintiff, Alan E. Smith, was regularly suffered or permitted to work at least fifty-five (55) hours per week, or one hundred ten (110) hours per bi-weekly pay period. However, Plaintiff, Alan E. Smith, was only compensated for eighty (80) hours per bi-weekly pay period.

22. Pursuant to 29 U.S.C. § 207(a), employers of enterprises engaged in commerce are required to pay non-exempt, covered employees who work in excess of forty (40) hours per week a rate of one and one-half times their regular pay rates for all time worked in excess of forty (40) hours per week.

23. Businesses such as Defendants are subject to the rules and regulations contained in the Fair Labor Standards Act. Under 29 U.S.C. § 211(c), every subject employer is required to make, keep, and preserve records of each employee's wages, hours, and conditions and practices of employment.

24. Plaintiff does not fall under any executive, administrative or professional exemption to overtime rules under the FLSA. See 29 CFR § 541 *et seq*.

25. Pursuant to 29 C.F.R. § 516.2(a)(7) and (8), every employer is required to maintain payroll records of each employee's total daily and weekly work hours, as well as "total daily or weekly earnings or wages due for hours worked during the workday or workweek."

26. Upon information and belief, Plaintiff consistently worked in excess of forty (40) hours per week during the time of his employment with Defendants.

27. Under the Fair Labor Standards Act, "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work. 29 C.F.R. § 778.107.

28. When Plaintiff worked more than forty (40) hours during a week, Defendant did not compensate him at a rate of "one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work. *See* 29 C.F.R. § 778.107.

29. The actual job duties of Plaintiff were not those of "exempt" employees.

30. Defendant is unable to bear its burden of showing that Plaintiff falls within any of the FLSA overtime exemptions, including but not limited to those announced in 29 C.F.R. § 541.100 *et seq*, 541.200 *et seq*, 541.300 *et seq*, 541.400 *et seq*, or 541.500 *et seq*.

31. Defendants knowingly, willfully and intentionally failed to compensate Plaintiff the applicable overtime wages in violation of 29 U.S.C. § 207(a), as Defendants knew or showed reckless disregard for the fact that its compensation practices were in violation of these laws. *See also* 29 C.F.R. § 541.

32. Because of Defendants' willful violation of the FLSA, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, pursuant to FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## CAUSES OF ACTION

33. The foregoing paragraphs 1 through 32 are incorporated by reference as if fully stated herein.

34. Plaintiff brings the following claim against Defendants: Failure to pay overtime wages in violation of the Fair Labor Standards Act, as described above.

35. Plaintiff hereby demands a jury to try this matter.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF prays for the following relief:

36. A declaratory judgment that Defendants have violated the overtime wage provisions of the FLSA as to Plaintiff.

37. A declaratory judgment that Defendants' violations of the FLSA were willful.

38. An award to Plaintiff of damages in the amount of unpaid overtime wage compensation to be proven at trial.

39. An award to Plaintiff of interest and liquidated damages in an amount equal to the overtime wage compensation shown to be owed to him pursuant to 29 U.S.C. § 216(b).

40. An award to Plaintiff of reasonable attorney's fees and costs, pursuant to 29 U.S.C. § 216(b);

41. Leave to amend to add other defendants who meet the definition of Plaintiffs' "employer," pursuant to 29 U.S.C. § 203(d)

42. An order requiring Defendants to preserve all electronically stored information relevant to this lawsuit; and

43. An award of such other and further legal and equitable relief as may be appropriate.

Respectfully submitted,
/s/ Jason J. Yasinsky
JASON J. YASINSKY (#29514)
Nahon, Saharovich & Trotz, PLC
488 S. Mendenhall
Memphis, Tennessee 38117
Telephone: 901-259-0424
Email:  jyasinsky@nstlaw.com

*ATTORNEY FOR PLAINTIFF*